UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY D. KNOX,<br><br>    Defendant. | Case No. 00-cr-40110-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Larry D. Knox's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 based on Amendment 750 to the United States Sentencing Guidelines (Doc. 44). The Court appointed counsel for the defendant to examine whether the defendant is eligible for a reduction based on Amendments 750 and 782. Counsel has filed, and the Court has granted, a motion for a reduction based on Amendment 782, but counsel has declined to seek a reduction based on Amendment 750. The Court finds that no such reduction is warranted.

Knox pled guilty to three counts of distribution of crack cocaine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of approximately 396.90 grams of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 34. His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) because Knox possessed a dangerous weapon during the commission of the offense, and was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because Knox accepted responsibility for his crimes. This

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2000 version.

established a total offense level of 33 which, considering Knox's criminal history category of VI, yielded a sentencing range of 235 to 293 months in prison, effectively a range of 235 to 240 months because of the statutory maximum penalty of 20 years.  See 21 U.S.C. § 841(b)(1)(C). The Court imposed a sentence of 240 months.

In 2010, the Court reduced Knox's sentence pursuant to 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendment 706, which lowered by two points the base offense levels associated with various amounts of crack cocaine.  Knox's base offense level was recalculated at 32, rendering a total offense level of 31.  Considering his criminal history of VI, this yielded a sentencing range of 188 to 235 months.  The Court reduced his sentence to 210 months.

In this motion, Knox asks the Court to apply Amendment 750 to lower his sentence. Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.  The relevant parts of Amendment 750 are retroactive.  See U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first

criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The Court does not have subject matter jurisdiction to consider a reduction request for Knox based on Amendment 750 because he cannot satisfy the first criterion.  Knox was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission [by Amendment 750] pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Under Amendment 750 the base offense level for 396.90 grams of crack cocaine, Knox's relevant conduct, is 32, exactly what Knox's base offense level was before Amendment 750 became effective.  Thus, Knox's total offense level and his sentencing range were the same before and after Amendment 750.

Because Knox cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction based on Amendment 750, the Court does not have subject matter jurisdiction to consider a reduction request.  *See Lawrence*, 535 F.3d at 637-38; *Forman*, 553 F.3d at 588.  The Court therefore **DISMISSES** Knox's *pro se* motion for a sentence reduction for **lack of jurisdiction** (Doc. 44) and **ORDERS** that counsel is withdrawn from this case.

The Clerk of Court is hereby **DIRECTED** to mail a copy of this order to defendant Larry D. Knox, Reg. No. 13278-424, USP Marion, U.S. Penitentiary, P.O. Box 1000, Marion, IL 62929.

**IT IS SO ORDERED.**
**DATED:   November 24, 2014**

                                         s/J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**